IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARY PANKEY                                                                   PLAINTIFF

VS.                                                   CIVIL ACTION NO: 1:15CV56-DAS

MISSISSIPPI STATE UNIVERSITY                                          DEFENDANT

## ORDER

This matter is before the court on the defendant's motion in limine [45] to exclude evidence of certain damages. Specifically, the defendant requests an order addressing the scope of relief available and the scope of testimony and other evidence that will be allowed, as well as barring any testimony or evidence relating to damages falling outside of the "appropriate equitable relief" allowed by the Public Health Services Act ("PHSA"), 42 U.S.C. 300bb-7. In addition, the defendant requests the court to find as follows:

1. Pankey cannot recover any damages associated with past medical treatments that she received, e.g., reimbursement for medical bills or incidental expenses.

2. Pankey cannot recover any damages alleged to arise from missing or foregoing any medical treatments in the past.

3. Pankey cannot recovery any monetary amounts from Mississippi State University whatsoever.

4. Because the matters are not relevant, Pankey may not present any evidence regarding her health conditions, her past or future medical treatments, or her past or future medical expenses.

Doc. 46, p. 1-2.

1

Plaintiff's response argues "there is no bright-line definition of what is 'appropriate equitable relief.'" Doc. 48, p. 1. Citing *Mansfield v. Chicago Park Dist. Group Plan*, 946 F. Supp. 586 (N.D. Ill. 1996), plaintiff argues "equitable relief may include an award of money as restitution for pecuniary losses…necessary to make a plaintiff whole." *Id*. at 2. Therefore, plaintiff contends restitution can include the amount of medical expenses that were not reimbursed as a result of her coverage being terminated without proper COBRA notice. However, plaintiff's reliance on *Mansfield* is misplaced.[1]

*Mansfield* was decided before *Great-West Life & Annuity Ins. Co v. Knudson*, wherein the Supreme Court explained the distinction between restitution at law and restitution in equity. 534 U.S. 204, 212-13 (2002). Because the PHSA limits plaintiff's recovery to "appropriate equitable relief," she is limited to pursuing equitable restitution. According to *Great-West*, whether restitution is legal or equitable depends on (1) "the basis for the plaintiff's claim" and (2) "the nature of the underlying remedies sought." *Id*. at 213. Generally, equitable restitution is in the form of a constructive trust or equitable lien, where "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id*. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id*. at 213-14.

Here, plaintiff has failed to identify any particular funds in the defendant's possession, which in good conscience, rightfully belong to her. She also concedes in her response that she is not entitled to compensatory damages, yet she fails to distinguish the relief she seeks—

---

[1] In a similar case interpreting the Public Health Services Act, a district court noted that the *Mansfield v. Chicago Park Dist. Group Plan* decision was no longer valid after the Court clarified the distinction between restitution at law and restitution in equity. *Lyons v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 2015 WL 59425, at *3 (E.D. Wis. Jan. 5, 2015).

reimbursement for medical expenses—from the impermissible category of compensatory damages. There is a good reason for plaintiff's inability to make this distinction: claims for medical costs and expenses *are* claims for compensatory damages. *See, e.g., Lyons v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 2015 WL 59425 (E.D. Wis. Jan. 5, 2015) (finding plaintiff's "claim for monetary compensation for medical bills he incurred was a claim at law and thus not cognizable under 42 U.S.C. § 300bb-7"); *Carstetter v. Adams Cty. Transit Auth.*, 2008 WL 2704596, at *12-13 (M.D. Pa. July 8, 2008) (granting summary judgment against plaintiff's PHSA claim for "out of pocket medical expenses that would have been covered had he participated in a COBRA plan"). Thus, plaintiff is clearly seeking to impose personal liability on the defendant. Pankey's claims, if granted, would force the defendant to pay her out of pocket medical expenses from its own general assets.[2] Therefore, her claims can only be construed as a form of restitution at law, and as a consequence, improper under 42 U.S.C. § 300bb-7. .

As noted above, plaintiff is limited to asserting a claim for restitution in equity. To prove her claim, she is required to trace identifiable funds in the defendant's possession that rightfully belong to her. Thus, the evidence relevant to prosecuting her claim is rather narrow. According to the defendant, evidence relating to medical treatment plaintiff received following her termination, bills she incurred or paid, medical bills she expects to incur in the future, her inability to pay for certain treatments or procedures, or her physical condition in general is not relevant to a claim for restitution in equity and should be excluded. In response, plaintiff argues that she should be allowed to present any and all evidence as to what would make her whole.

---

[2] Pankey's only claim for relief to survive defendant's motion for summary judgment is as follows: "Plaintiff was unaware of failure to provide a coverage notice letter until recently, when she discovered that she had no insurance and that no notice had been given. <u>Plaintiff has incurred significant medicals and has significant health issues for which coverage could have been available</u> had the Defendants provided the required notices." Doc. 4, p. 2 (emphasis added).

The court agrees with the defendant and finds admitting the aforementioned evidence would serve only to mislead a jury hearing this case. Contrary to plaintiff's assertion, the court is not entitled to "fashion an appropriate equitable remedy that it feels makes the Plaintiff whole," after allowing plaintiff to "present any and all evidence as to what would make her whole." Only relevant evidence is admissible, and plaintiff has failed to demonstrate how evidence of past and future medical expenses, foregone medical procedures, or the general state of her health is relevant to a claim for restitution in equity.

IT IS, THEREFORE, ORDERED THAT:

1. Plaintiff's recovery, if any, is predicated upon her being able to articulate a claim for restitution in equity.
2. Plaintiff is barred from presenting evidence concerning:
    a. any damages associated with past medical treatments that she received, e.g., reimbursement for medical bills or incidental expenses;
    b. any damages alleged to arise from missing or foregoing any medical treatments in the past; or
    c. her health conditions, her past or future medical treatments, or her past or future medical expenses.
3. Plaintiff shall show cause as to why this action should not be dismissed for failing to state a claim upon which relief can be granted. Specifically, plaintiff shall offer proof that defendant is in possession of identifiable funds, which in good conscience rightfully belong to plaintiff, or face dismissal.

**SO ORDERED** this, the 19th day of September, 2016.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**