IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARY PANKEY                                              PLAINTIFF

VS.                                       CIVIL ACTION NO: 1:15CV56-DAS

MISSISSIPPI STATE UNIVERSITY                           DEFENDANT

**ORDER**

Plaintiff was ordered [50] to show cause as to why her action should not be dismissed for failing to state a claim for which relief can be granted. Specifically, plaintiff was directed to offer proof that the defendant is in possession of identifiable funds, which in good conscience rightfully belong to her, or face dismissal. Having considered plaintiff's response, along with defendant's rebuttal, the court finds that plaintiff has failed to identify any such funds in the defendant's possession.

**I. BACKGROUND**

Plaintiff originally brought this action under the Employee Retirement Income Security Act ("ERISA") and the Internal Revenue Code ("IRC"), seeking to recover statutory penalties, compensatory and punitive damages, as well as attorney's fees. Her claims stem from one issue: she allegedly never received statutorily required notice that she was entitled to continued health insurance coverage following her termination. However, on motion for summary judgment, the court held that plaintiff's claims were improperly pled under ERISA and the IRC. Instead, the court held that plaintiff's claims arose under the Public Health Services Act ("PHSA"), 42

1

U.S.C. § 300bb-7, because the defendant is an arm of the State of Mississippi. As a consequence, plaintiff was limited by the PHSA to seeking only "appropriate equitable relief," thereby precluding her from recovering statutory penalties, compensatory damages, punitive damages, or the interest therefrom. Plaintiff has since recharacterized her claim as one for restitution. *See* Doc. 48, p. 2.

Subsequently, defendant filed a motion *in limine*, which sought to define more explicitly the scope of permissible relief and the scope of relevant evidence. Defendant argues the PHSA's "appropriate equitable relief" language, when read in conjunction with the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), drastically narrows the scope of permissible relief in this action. In light of *Great-West*, defendant contends plaintiff's recovery, if any, is limited to that recoverable under the doctrine of "restitution in equity." A claim for restitution is equitable when the plaintiff seeks to recover certain funds she has identified as belonging to her and clearly traces those funds to the defendant's possession. *Great-West*, 534 U.S. at 213-15. Because plaintiff failed to identify any such funds, defendant argued that plaintiff had failed to state a claim upon which relief could be granted.

In response, plaintiff argued "there is no bright-line definition of what is 'appropriate equitable relief.'" Doc. 48, p. 1. Citing *Mansfield v. Chicago Park Dist. Group Plan*, 946 F. Supp. 586 (N.D. Ill. 1996), plaintiff argued that "equitable relief may include an award of money as restitution for pecuniary losses…necessary to make plaintiff whole." *Id*. at 2. Therefore, her argument boiled down to this: restitution can include the amount of medical expenses that were not reimbursed as a result of her coverage being terminated without proper COBRA-notice.

Ultimately, this court rejected the plaintiff's argument because it relied, in large part, on a case that was decided by a federal district court prior to the Court's holding in *Great-West*. The

court held that because the PHSA clearly limits plaintiff's recovery to "appropriate equitable relief," she was limited by *Great-West* to pursuing a claim for equitable restitution. The court also found that plaintiff had failed to articulate the facts necessary to sustain a claim for restitution in equity. However, rather than dismissing her claim, the court ordered plaintiff "to offer proof that defendant is in possession of identifiable funds, which in good conscience rightfully belong to plaintiff, or face dismissal." Doc. 50, p. 4.

In response, plaintiff has identified the policy limits of her former health insurance plan with the defendant—$2,000,000.00. *See* doc. 57-1, p. 6. She believes this money rightfully belongs to her because: 1) defendant failed to provide notice of continuing health insurance benefits; 2) had defendant provided this notice, she would have elected to continue her health insurance; 3) by electing coverage and paying her first premium, plaintiff would have been vested in up to $2,000,000.00 in benefits; therefore, 4) defendant is in possession of $2,000,000.00 that rightfully belongs to her.

## II. DISCUSSION

The court previously held that plaintiff's claims are governed by the Public Health Services Act, which limits her recovery, if any, to merely "appropriate equitable relief." 42 U.S.C. § 300bb-7. To comply with this holding, plaintiff recharacterized her claim as one for restitution. However, the Supreme Court has explained that "not all relief falling under the rubric of restitution is available in equity." *Great-West Life & Annuity Ins. Co.*, 534 U.S. at 212. Whether a claim for restitution "is legal or equitable depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." *Id*. at 213 (citing *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994)). A plaintiff can seek restitution in equity "ordinarily in the form of a constructive trust or equitable lien, where money or property

3

identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id*. at 213-14. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id*.

Accordingly, to determine whether plaintiff has stated a claim for equitable relief, the court must first consider the basis of her claim. "The classic example [of a claim for restitution in equity] is one in which a defendant has wrongfully obtained or withheld the plaintiff's money or property, and a constructive trust or equitable lien is imposed to ensure that the defendant disgorges his ill-gotten gain and the plaintiff receives that to which he is entitled." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010) (citing *Great-West Life & Annuity Ins. Co.*, 534 U.S. at 213-14). Here, plaintiff does not allege she is seeking the return of any identifiable funds that the defendant received from her. In fact, plaintiff has not alleged to have paid anything to the defendant, besides presumably paying premiums for her health insurance coverage while she was employed with the defendant. Rather, the court finds that the basis of her present claim is identical to that of her previously dismissed claim for medical costs and expenses. The present claim is still predicated on the defendant's alleged COBRA-notice violation and seeks compensation for costs and expenses that would have been covered under a COBRA health insurance plan.[1] Consequently, the basis of plaintiff's claim still runs afoul of the PHSA.[2]

---

[1] *See* doc. 57, ¶¶ 5, 7 & 9 ("Plaintiff had $2,000,000.00… in the fund, "in the bank" so to speak. That coverage would have vested in Plaintiff had she received COBRA coverage, the day her first premium was paid."); *cf.* doc. 4, p. 2 ("Plaintiff has incurred significant medicals and has significant health issues for which coverage could have been available had the Defendants provided the required notices.").

[2] *See, e.g., Lyons v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 2015 WL 59425 (E.D. Wis. Jan. 5, 2015) (finding plaintiff's "claim for monetary compensation for medical bills he incurred was a claim at law and thus not cognizable under 42 U.S.C. § 300bb-7"); *Carstetter v. Adams Cty. Transit Auth.*, 2008 WL 2704596, at *12-13 (M.D. Pa. July 8, 2008) (granting summary judgment against plaintiff's PHSA claim for "out of pocket medical expenses that would have been covered had he participated in a COBRA plan").

The next step is classifying the underlying nature of the remedy sought. In response to the show cause order, plaintiff amended her request for relief and now seeks the full policy limits of her former health insurance plan—$2,000,000.00. However, plaintiff concedes she only amended her request because "[t]he Court has barred the Plaintiff from introducing any evidence concerning health care needs of the Plaintiff during this eighteen (18) month period. Therefore, the Plaintiff must seek the entire $2,000,000.00…" Doc. 57, ¶ 8. The court does not find this position compelling. Notably, plaintiff was barred from presenting evidence concerning plaintiff's "health care needs" because, as explained above, it was irrelevant under the doctrine of restitution in equity. Simply removing all references to medical costs and expenses does not change the underlying nature of the remedy sought. Plaintiff is still seeking impermissible compensatory damages.

Finally, plaintiff was specifically tasked with offering proof that the defendant *is in possession* of identifiable funds that rightfully belong to her. Yet, plaintiff acknowledges the defendant paid premiums to a separate state entity for her health insurance coverage. Doc. 57, ¶ 4. Plaintiff, therefore, tacitly concedes that an entity not named in this action is in possession of the funds she seeks. If a judgment was rendered against the defendant, it would be forced to satisfy the judgment with funds from its general assets. However, restitution in equity is ordinarily sought "in the form of a constructive trust or an equitable lien," and a plaintiff "cannot enforce a constructive trust or an equitable lien upon other property of the defendant." *Great-West Life & Annuity Ins. Co.*, 534 U.S. at 213-14. Thus, even if plaintiff had stated a cognizable claim under the PHSA, which she has not, the court could not award the relief she seeks.

## III. CONCLUSION

The court previously held that plaintiff was limited to pursuing a claim for restitution in equity. In a show cause order, plaintiff was specifically tasked with offering proof that the defendant is in possession of identifiable funds, which in good conscience, rightfully belong to her or face dismissal. Plaintiff has failed to do so. Instead, plaintiff has essentially restated her previously dismissed claim for medical costs and expenses. She is still seeking impermissible compensatory damages for the defendant's alleged COBRA-notice violation. Moreover, plaintiff has wholly failed to show that the defendant is in actual possession of the funds she seeks. For these reasons, the court hereby finds that plaintiff has failed to state a claim upon which relief can be granted.

**SO ORDERED** this, the 16th day of December, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE